J. R. Swan, J.
Proceedings in due form were had by the superintendent of the asylum and trustees for the discharge of patients-belonging to Hamilton coitnty, and the probate judge was duly notified thereof and required to issue his warrant for the removal of the patients. He refused to do so, and this proceeding was had to-compel him to do it.
Sections 9 and 27 of the act of April 7, 1856, “to provide for the-uniform government and better regulation of the lunatic asylums of the state,” give to a single trustee of either asylum, on the application of its superintendent, and also to the board' of trustees-thereof, without such application, plenary power to discharge therefrom any patient or number of patients, whenever he or they shall deem it expedient. The power thus given is purely discretionary, and the exercise of that discretion can not be questioned by the probate judge.
Whenever an order for the discharge of a patient has been made,, either by a single trustee, on the application of the superintendent-,, or by the board of trustees, the probato judge of the county “from which such patient was sent,” on being notified of the order by the superintendent, under the seal of the asylum, is bound by the express language of the act before mentioned to issue “forthwith ” to-some suitable person, or to the sheriff of his county, his warrant for the removal of such patient, and his return to the township “of which he is an inhabitant.” Sec. 27.
The dutes of a probate judge, in this respect, are entirely ministerial. No judicial function is called into exercise; and he has no-power to question the validity and efficacy of an order so made and so notified to him.
Peremptory mandamus awarded. -
Bartley, C. X, and Brinkerhoee, Bowen, and Scott, XT., concurred.